IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BIRCH RIVER ENERGY, LLC,<br><br>Defendant. | CIVIL ACTION NO.: 2:24-CV-21<br>(JUDGE KLEEH) |

### REPORT AND RECOMMENDATION, RECOMMENDING THAT PLAINTIFF'S MOTION [ECF NO. 12] FOR DEFAULT JUDGMENT FOR A SUM CERTAIN BE GRANTED

This matter is before the undersigned Magistrate Judge pursuant to a Referral Order [ECF No. 13] entered by the Hon. Thomas S. Kleeh, Chief United States District Judge, on November 8, 2024. By the Referral Order, Judge Kleeh designated and authorized the undersigned United States Magistrate Judge to enter a report and recommendation, and do all things proper to render the same, as to the pending motion for default and default judgment [ECF No. 12], filed by Plaintiff on November 8, 2024. By its motion, Plaintiff requests that the Court enter both default and default judgment for a sum certain against Defendant in the amount of $678,171.04[1] plus interest, penalties, and administrative and agency fees.

The undersigned convened a hearing, by videoconference, concerning the motion on December 4, 2024, at which appeared counsel for Plaintiff, Morgan S. McKee, Assistant United States Attorney. At the hearing, counsel for Plaintiff requested additional time to gather certain information, and made an oral motion to continue. Thus, the undersigned entered an order [ECF

---

[1] In its motion [ECF No. 12], Plaintiff initially sought recovery of a somewhat lesser amount. It appears that the figure cited here accounts for sums which have accrued since Plaintiff first brought this action.

1

No. 19] granting Plaintiff's oral motion to continue and rescheduling the motion hearing. The undersigned convened a second hearing, by videoconference, on January 15, 2025. Appearing at the hearing were the following persons on behalf of Plaintiff: Morgan S. McKee, Assistant United States Attorney, and Ashleigh Edmonds ("Ms. Edmonds"), a financial program specialist from the U.S. Department of the Treasury, Bureau of Financial Services. Defendant did not appear through any counsel or corporate representative.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced this action on July 31, 2024, when it filed its Complaint against Defendant, alleging failure to pay Abandoned Mine Land ("AML") reclamation fees pursuant to the Surface Mining Control and Reclamation Act of 1977 ("SMCRA"). [ECF No. 1]. Plaintiff alleged that Defendant is liable to Plaintiff for $678,171.04, plus prejudgment interest to the date of judgment and such relief as the Court deems appropriate. [ECF No. 24].

As for the factual allegations, Plaintiff states that, through an audit in October of 2020, Defendant was discovered to have underreported 1,037,840.44 tons of coal production in past quarters. [ECF No. 1, at 4]. The Office of Surface Mining Reclamation and Enforcement ("OSMRE") issued three letters on October 15, 2020, October 31, 2020, and November 15, 2020 attempting to recover unpaid AML reclamation fees based on the underreported coal production pursuant to 30 U.S.C. §§ 1232(e), 1268(d). Id. The amount due from Defendant, based on the AML reclamation fee formula, and associated interest, penalties, and administrative costs, was $322,473.03. Id. Defendant paid $4,369.15 to OSMRE, and it was applied to the outstanding penalty balance. Id. Because the Treasury was unable to collect the full amount of the debt, the matter was referred to the Department of Justice for litigation. Id. The Nationwide Central Intake Facility ("NCIF") issued a final written demand to Defendant on March 15, 2024. Id. Still unable

to collect the debt from Defendant, Plaintiff alleges, that Defendant was indebted $536,937.60 based on the audit. Id., at 5.

Plaintiff also alleges 13 instances of Defendant failing to pay AML reclamation fees in various reporting quarters from 2021 to 2023. Id. at 1-10, 14-21. OMSRE attempted to collect each debt by issuing letters to Defendant, but each debt remained unpaid. Id. When OSMRE was unable to collect the debts, all debts were referred to the Treasury for collections. Id. Because the Treasury was also unable to collect any of the debts, the matter was referred to the Department of Justice for litigation. Id. The NCIF issued final written demands to Defendant for payment of the outstanding debts. Id. Nonetheless, the debts remain unpaid. Id.

In Counts Seven, Eight, and Nine, Plaintiff alleges that Defendant violated one or more provisions of SMCRA, resulting in civil penalties being levied. Id., at 11-14. Specifically, Plaintiff alleges that Defendant violated SMCRA on August 14, 2022 at Defendant's Seven Pines Mine and on August 15, 2022 at Defendant's Brandy Station Mine and Seven Pines Mine. Id. The notices of violation provided to Defendant for all violations resulted in the assessment of civil penalties. Id. OSMRE referred the debt to the Treasury which, after failing to collect the debt from Defendant, referred the matter to the Department of Justice. Id. Defendant has not paid any debts resulting from the alleged SMCRA violations. Id.

The Summons and Complaint were served on an officer of Defendant on October 15, 2024. [ECF Nos. 10, 11]. However, Defendant did not respond to the Summons and Complaint. On November 8, 2024, Plaintiff filed the motion [ECF No. 12] for entry of default and default judgment, which is the subject of this Report and Recommendation.

On December 16, 2024, Defendant accepted service [ECF No. 21] of the Order by which the undersigned scheduled the above-noted hearing of January 15, 2025. [ECF No. 19]. However, Defendant did not respond in any way to these filings or otherwise appear herein.

## II. SUMMARY OF HEARING OF JANUARY 15, 2025, INCLUDING PLAINTIFF'S PRESENTATION REGARDING DEFAULT JUDGMENT FOR SUM CERTAIN

At the hearing before the undersigned, Plaintiff's counsel called Ms. Edmunds to testify. Ms. Edmunds explained that she is a financial program specialist within the Litigation, Policy, and Management branch at the Bureau of Fiscal Service in the Treasury. Ms. Edmunds testified that, as of December 12, 2024, Defendant was indebted to Plaintiff in the amount of $674,288.03. She testified that the debts arose out of 16 unpaid land reclamation fees that were referred to the Treasury from the Department of Interior for collection. Ms. Edmunds verified the total amount of $674,288.20 as being true, correct, and valid amounts to claim under the law. Pursuant to the undersigned's request, Plaintiff's counsel agreed to file a proposed order to include an updated amount due on the debt, which counsel subsequently did. [ECF NO. 24].

Plaintiff's counsel represented to the Court that Service of the summons, Complaint, and accompanying exhibits were successfully and properly served to Defendant's officer, William K. Abraham, at his home address by the U.S. Marshals Service on October 15, 2024. [ECF No. 11]. Plaintiff's counsel first attempted service on Defendant [ECF No. 10] but was unsuccessful because Defendant's address appeared to be abandoned. No one from the Defendant has answered or otherwise appeared in this action.

## III. ANALYSIS AND FINDINGS

In review of Plaintiff's motion for entry of default and default judgment [ECF No. 12] and supporting materials, and in receiving Plaintiff's testimony and argument at the hearing of January 15, 2025, the undersigned **FINDS** that entry of default and default judgment in Plaintiff's favor

4

against Defendant is appropriate. First, as to entry of default under Fed. R. Civ. P. 55(a), a review of the record demonstrates that Defendant has failed to plead or defend herein, as contemplated by the operative rule. Thus, the undersigned **FINDS** that entry of default is appropriate. And as for entry of default judgment, as Plaintiff rightly notes, the governing rule provides:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1). Thus, the undersigned **FINDS** that Plaintiff has substantiated the sum certain for which it seeks entry of default judgment against Defendant, as set forth through the testimony, documentary evidence, and argument summarized above and on the record otherwise.

The undersigned's findings are aided by Plaintiff's explanation of the computation of the sum certain – by witness testimony and counsel's representations – offered at the hearing before the undersigned on January 15, 2025. There is nothing of record to indicate that Defendant did fully pay the assessed AML fees or civil penalties issued as a result of its SMCRA violations as alleged. Furthermore, there is nothing to contradict the other interest, penalties, and fees Plaintiff seeks.

Defendant has presented no evidence or argument to the contrary of Plaintiff's arguments, claims, and calculations. Despite being served with the Complaint, and receiving multiple notices of proceedings herein, and having multiple opportunities to engage in the process, Defendant has failed to appear and offer anything to the contrary. Nor, in the undersigned's own review of Plaintiff's evidence and argument, and provisions at law relied upon, does Plaintiff appear to be incorrect. Thus, in view of Plaintiff's evidence and argument, and lacking evidence and argument

to the contrary, the undersigned **FINDS** that Plaintiff has substantiated its claim for the sum certain as sought herein.

## IV. RECOMMENDATIONS AND CONCLUSION

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that the Court **GRANT** Plaintiff's motion [ECF No. 12] for default and default judgment, and (1) direct the Clerk of the Court to enter default against Defendant under Fed. R. Civ. P. 55(a) and (2) the Court itself enter an order of default judgment under Fed. R. Civ. P. 55(b) by which the Court grants judgment for Plaintiff, against Defendant, for a sum certain in the amount of **$678,171.04 (inclusive of applicable interest, penalties, and applicable administrative and agency fees), plus court costs and fees and pre-judgment interest, plus post-judgment interest** under 28 U.S.C. § 1961, at the rate of interest established thereby, from the date of the Court's judgment order until the date judgment is paid.

Any party have fourteen (14) days from the date of service of of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the presiding District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir.

1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia, <u>as well as to Defendant by certified mail, return receipt requested</u>.

**DATED**:  February 5, 2025.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE